IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FORMIC TECHNOLOGIES, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AUTOMATION INTEGRATION SOLUTIONS LLC,<br><br>　　　　Defendant. | Case No. 23-00172 (GBW) |

**FORMIC TECHNOLOGIES INC.'S**
**MOTION FOR DEFAULT JUDGMENT**

　　Plaintiff Formic Technologies, Inc. ("Formic") moves the Clerk, pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, for a Default Judgment against Defendant Automated Integration Solutions, LLC ("AIS"), for its failure to defend. In support of its motion, Formic states the following:

　　1.　　On February 15, 2023, Formic filed a Complaint against AIS. (D.I. 1.)

　　2.　　On March 20, 2023, Defendant AIS was served through the State of North Carolina's Department of Secretary of State pursuant to N.C.G.S. Section 55D-33.

　　3.　　On June 20, 2023, the Clerk entered default against Defendant AIS for its failure to answer or move with respect to the Complaint. (D.I. 7.) Counsel for AIS ("Defense Counsel") filed its appearance on June 21, 2023, and the parties filed a stipulation to lift entry of default with the Court. (D.I. 9.) The Court granted such

stipulation. (D.I. 10.)

4. Since that point, Defendant AIS participated in the litigation by answering the Complaint, filing a Motion for Judgment on the Pleadings, and stipulating to a third extension of discovery deadlines.

5. But on October 8, 2024, Defense Counsel requested to withdraw representation for reasons unknown to Formic. (D.I. 33.) In the Court's Order dated October 15, 2024, the Court found that AIS, which is a limited liability company, must be represented by counsel and that AIS must have its replacement counsel file its notice of appearance on the docket on or before October 31, 2024. (D.I. 35.)

6. On November 8, 2024, Defense Counsel notified this Court that she had provided AIS with a copy of the October 8, 2024 Order directing AIS to have replacement counsel appear by October 31, 2024. (D.I. 37.) AIS failed to comply with the October 31, 2024 deadline.

7. On November 20, 2024, this Court granted AIS additional time, until December 11, 2024, to have replacement counsel enter an appearance on the record. (D.I. 38.)

8. On November 25, 2024, Defense Counsel notified this Court that she had complied with this Court's Order and provided AIS with a copy of the November 20, 2024 Order directing AIS to have replacement counsel appear by December 11, 2024. (D.I. 39.)

9. AIS failed to comply with this Court's November 20, 2024 Order and no replacement counsel filed an appearance for Defendants.

10. On January 15, 2025, the Court granted Defense Counsel's Motion to Withdraw Representation as unopposed. (D.I. 40.) As a result, AIS is not represented and, as a limited liability company, cannot proceed in court unless represented by counsel. (*See* D.I. 35 ("Defendant Automation Integration Solutions LLC must be represented by counsel in this matter under Delaware law."))

11. On January 22, 2025, Formic requested that the Clerk renew its entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (D.I. 41.)

12. That same day, on January 22, 2025, the Clerk entered default. (D.I. 42.)

13. This Court decides three factors to determine whether a default judgment is appropriate: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Skeway v. China Nat. Gas, Inc.*, 2015 WL 451435, at *1 (D. Del. Jan. 30, 2015); *Fresh Direct, Inc. v. Harvin Foods, Inc.*, 2014 WL 12617414, at *1 n. 1 (D. Del. Dec. 29, 2014). All factors weigh in favor of granting default judgment.

14. Absent default judgment, Plaintiff would experience significant prejudice. To show prejudice, Plaintiff must demonstrate that its ability to pursue the

claim has been hindered. *Turner v. Correctional Med. Servs., Inc.*, 262 F.R.D. 405, 407 (D. Del. 2009) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir. 1982)). Here, AIS has ignored the Court's repeated orders to retain counsel to defend this action and has refused to participate in the case since their prior counsel indicated her intent to withdraw. In other words, Defendant's own conduct leaves Plaintiff without any means to recovery. *See e.g. Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984) ("this form of prejudice, when caused by the defendant's own conduct, should weigh substantially in favor of upholding a default judgment.").

15. Second, though this litigation has been pending for two years, AIS did not present a litigable defense. AIS pled eighteen (18) standard and conclusory affirmative defenses in its Answer to the Complaint. (D.I. 11.) AIS did not produce any documents supporting its purported defenses. Moreover, because AIS has failed to retain new legal counsel as ordered to do so by the Court, and failed to otherwise defend against Plaintiff's claims, any defenses presented in its Answer have been waived. *Linde Gas North America, LLC v. Irish Oxygen Co.*, No. 18-12365 (FLW), 2020 WL 374466, at *2 (D.N.J. Jan. 23, 2020) ("[B]ecause Defendant, as a corporation, cannot proceed as an unrepresented party in this action, the entry of default judgment is appropriate. Defendant's Answer is stricken and for the purposes of this Motion, the allegations contained in the Complaint are taken as true.").

Therefore, AIS cannot present a litigable defense.

16. Third, defendants acted culpably. Culpable conduct is "actions taken willfully or in bad faith." *Turner v. Correctional Med. Servs., Inc.*, 262 F.R.D. 405, 408 (D. Del. 2009); *Evanston Ins. Co. v. Layne Thomas Builders, Inc.*, No. 08-286-JJF, 2010 WL 1213433, at *2 (D. Del. March. 26, 2010) ("[defendant's] failure to secure counsel is willful, as it is in direct contravention of the Court's July 7, 2009 Order [to obtain new counsel. . . . Accordingly, an entry of default is warranted."). AIS failed to comply with the October 31, 2024 deadline of securing new counsel. (D.I. 37.) On November 20, 2024, this Court granted AIS additional time, until December 11, 2024, to have replacement counsel enter an appearance on the record. (D.I. 38.) AIS acted culpably by acting in direct contravention of two Court Orders.

***Defendant AIS is Liable for Two Counts of Breach of Contract***

17. In considering a motion for default judgment, courts in the Third Circuit "accept as true the well-pleaded factual allegations of the complaint, but need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3rd Cir. 2017). Here, Formic's complaint contains sufficient factual allegations to make a showing that AIS is liable for two counts of breach of contract. Accordingly, the Court should accept Formic's well-pled allegations contained in the Complaint as true.

18. The dispute between Formic and AIS arises out of two service contracts

the parties entered in February 2022. (Declaration of S. Olszewski[1] ("Olszewski Dec.") at ¶ 2; D.I. 1 at ¶¶ 11-12.) The contracts called for AIS to design and install a Case Packing System and Palletizing System, both of which were to be installed at Formic's customer's facility in South Carolina. (Olszewski Dec. at ¶ 3; D.I. 1 at ¶ 8.)

19. Between February and October 2022, Formic paid AIS a total of $217,449.00 as payments owed under the contract for the design and installation of the Case Packing System. (Olszewski Dec. at ¶ 4.)

20. During that same time frame, Formic paid AIS a total of $160,630.40 owed under the contract for the design and installation of the Palletizing System. (Olszewski Dec. at ¶ 8.)

21. AIS designed and installed defective Case Packing System, that was wholly inoperable to Formic's customer. Due to AIS's breach of contract for the Case Packing System, Formic sustained monetary damage in the amount of $217,449.00. (Olszewski Dec. at ¶ 6.)

22. Despite Formic's and the customer's request to remove the inoperable Case Packing System from the customer's facility, AIS refused to do so. Formic incurred damages of $16,892.94 from removing and storing the Case Packing System. (Olszewski Dec. at ¶ 7.)

---

[1] The Declaration of S. Olszewski is submitted contemporaneously herewith.

23. AIS also failed to install the Palletizing System, despite receiving payment from Formic. Due to AIS's breach of contract for the Palletizing System, Formic sustained monetary damage in the amount of $160,630.40. (Olszewski Dec. at ¶ 8.)

24. The total recoverable cost for AIS's breach of two contracts is $394,972.34 (Olszewski Dec. at ¶ 9.)

WHEREFORE, Formic requests that the Clerk enter an order of default judgment against Defendant AIS and award Formic damages in the total recoverable amount of $394,972.34.

                                                PHILLIPS, MCLAUGHLIN & HALL, P.A.

                                                /s/ Lisa C McLaughlin
                                                LISA C. MCLAUGHLN, ESQ. (#3113)
                                                1200 North Broom Street
                                                Wilmington, Delaware 19806
                                                (302) 655-4200
                                                (302) 655-4210 fax
                                                lcm@pmhdelaw.com
                                                *Attorney for Plaintiff*

Date: February 6, 2025